

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CASE NO. 3:08cv604 TSL-JCS |
| v. ) ) | COMPLAINT |
| KLLM, Inc. d/b/a KLLM TRANSPORT SERVICES, INC., ) ) ) | WITH JURY DEMAND |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to make whole John R. Burgard, a qualified individual with a disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within

the jurisdiction of the United States District Court for the Southern District of Mississippi, Jackson Division.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5 (5)(1).

4. At all relevant times, Defendant, KLLM, Inc. d/b/a KLLM Transport Services, Inc. ("Employer"), has continuously been a Mississippi corporation doing business in the State of Mississippi, the City of Richland, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to institution of this lawsuit, John R. Burgard filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. Each condition precedent to the institution of this suit has been fulfilled.

8. At all times relevant to the events alleged in this complaint John R. Burgard was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of the job of truck driver for Defendant.

9. In 1995, John Burgard had his right leg amputated because of complications related to a childhood injury. Since that time, he has used a prosthetic right leg.

10. Despite the use of the prosthetic right leg, John Burgard walks with a limp and is unable to run or to walk faster than a slow stride. Burgard also has difficulty climbing.

11. In April 2007, John Burgard applied for a position as an over-the-road truck driver with Defendant.

12. At the time of his application, John Burgard was limited in the major life activity of walking, but qualified to perform the duties of an over-the-road truck driver. He had successfully completed the CDL Truck Driving Training School and had obtained a license from the U. S. Department of Transportation (DOT).

13. As part of the DOT licensing process John Burgard was required to undergo a Skill Performance Evaluation (SPE) to determine whether he met the standards for licensing pursuant to 49 C.F.R. §391.49 of the Federal Motor Carrier Safety Administration.

14. All individuals who, while missing a limb, are otherwise qualified to operate a commercial motor vehicle in interstate commerce cannot operate a commercial motor vehicle in interstate commerce unless they also possess an SPE certificate and operate

the motor vehicle consistent with the SPE and its related regulations

15. The DOT granted an SPE certification to John Burgard with the following limitations: "Truck Tractor must have L shaped metal plate mounted to floor board to help support prosthesis while driving; Prosthetic or Orthotic device(s) (Required to be Worn While Driving:) proper fitting right leg above the knee prosthesis; Additional Provision(s): ENSURE PROSTHESIS IS WORN AT ALL TIMES WHILE ON-DUTY AND OPERATING A COMMERCIAL MOTOR VEHICLE.

16. As part of the application process, John Burgard submitted a copy of his SPE certification to Defendant along with his medical and work history.

17. John Burgard had a record of working in truck driver positions.

18. Defendant did not extend an offer of employment to John Burgard because of the disability-related restrictions contained on the SPE certification and Defendant's unwillingness to accommodate those restrictions.

19. The accommodation sought by John Burgard, which would have permitted him to perform the essential functions of the job of truck driver for Defendant, would not have imposed an undue hardship upon Defendant.

20. John Burgard did not present a direct threat to the health or safety of himself or others.

21. Defendant's decision not to hire John Burgard, a qualified individual with a disability, was in violation of the Americans With Disabilities Act, 42 U.S.C. Section 12112.

22. The effect of the practices complained of above has been to deprive John Burgard of equal employment opportunities and otherwise adversely affected his status

as an employee, because of disability.

23.  The unlawful practices complained of above were intentional.

24.  Defendant employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of John Burgard, in violation of the ADA, 42 U.S.C. § 12101 et seq.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from (1) maintaining its policy of refusing to employ individuals with disabilities; and (2) denying requests for reasonable accommodation of a disability made by applicants or employees.

B.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a policy which provides for an individualized assessment of an individual's ability safely to perform the job for which he or she applies.

C.  Grant a judgment requiring the Defendant Employer to make whole John Burgard by providing appropriate back wages with prejudgment interest in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to an offer of employment to

John Burgard with all the benefits he would have enjoyed had he been hired by Defendant.

D.    Order Defendant Employer to make whole John Burgard by providing compensation for pecuniary and non-pecuniary losses, including but not limited to damages for embarrassment, humiliation and injury to dignity, in amounts to be proven at trial.

F.    Order Defendant Employer to pay John Burgard punitive damages for its malicious and/or reckless conduct, in an amount to be proven at trial.

G.    Grant such further relief as the Court deems necessary and proper.

H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, Northwest
Washington, D. C. 20554

*C. Emanuel Smith*
C. Emanuel Smith (MS 7473)
Regional Attorney

*Julie Lee*
Julie Lee (DC 433292)
Supervisory Trial Attorney

*Maricia Woodham*
Maricia Woodham (AL ASB-2160-E55M)
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 212-2044
Facsimile: (205) 212-2041